YOHAN LEE, ESQ. (SBN 259271)
ylee@yleelaw.com
LAW OFFICES OF YOHAN LEE
5681 Beach Boulevard, Suite 200
Buena Park, California 90621
Telephone: 714-523-2700
Facsimile: 714-523-7100


Attorney for Defendant
JIN SU PARK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>              Plaintiff,<br>   v.<br><br>JIN SU PARK<br><br>              Defendant. | Case No.: 2:19-CR-00067-PA-2<br><br>**DEFENSE SENTENCING MEMORANDUM**<br><br>Courtroom: 9A<br>District Judge: Hon. Percy Anderson |

## I.    INTRODUCTION

Defendant Jin Su Park, who is 41 years old, comes before this Court in deep regrets while accepting the blame for the serious offense for which he now stands convicted. Prior to being honorably discharged from the United States Army in 2012, Mr. Park received various awards for his service and lived by the army values, which are duty, honor, integrity, loyalty, personal courage, respect, and selfless service. Mr. Park's conduct was a terrible error in judgment brought on in large part by financial stress. Prior to this offense, Mr. Park was recovering from the financial damages for his company's bankruptcy in Korea. This offense has

1
DEFENSE SENTENCING MEMORANDUM

been a wakeup call for Mr. Park. He is determined to rehabilitate and re-enter the community as a productive and law abiding citizen. Given Mr. Park's no history of prior crime, no history of violence, and willingness to fully debrief with the Government, Mr. Park respectfully seeks for a house arrest for the entire term of his sentence. As Mr. Park has no ability to pay a fine, he respectfully requests that a fine not be imposed.

## II.    CIRCUMSTANCES OF THE OFFENSE AND PROCEDURAL BACKGROUND

Defendant Jin Su Park, through counsel, agrees with the circumstances of the offense, the procedural history, and the factual basis set forth in the plea agreement and Presentence Investigation Report ("PSR").

Mr. Park places particular emphasis on his history of continuous financial difficulties following the completion of his service with the United States Army. Despite Mr. Park's efforts to succeed by operating a cosmetic manufacturing business in Korea from 2010 to 2013, Mr. Park was faced with multiple failures including a bankruptcy that brought him a great deal of financial stress and anxiety. Mr. Park even decided to attend school to obtain his associate's and bachelor's degree to start a new career, but his situation remained the same with limited monthly income and cash flow. This long term stress greatly impaired Mr. Park's judgment and full engagement with appreciating the gravity of his conduct.

///

///

## III.   THE DEFENDANT'S BACKGROUND AND THE NATURE OF THE OFFENSE – APPLICATION OF U.S.C. §3553(a) FACTORS

2

DEFENSE SENTENCING MEMORANDUM

In fashioning the appropriate sentence, this Court "may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law." 18 U.S.C. § 3661. Under this paradigm, this Court may freely consider any factor relevant to Mr. Park's background including, but not limited to, his education, his military service, his employment / business operation history, and his age, because these are factors that make up his "history and characteristics" 18 U.S.C. §3553(a)(1).

In sum, in every case, a sentencing court must now consider all of the Section 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

Mr. Park's path to the defendant's chair in this case is not one littered with a life of criminal conduct. Rather, he is a hardworking citizen and a dedicated veteran who struggles for a better version of himself. When Mr. Park started college, he served on active duty in the United States Army for 9 years since March 2000 to May 2009 and served on reserve duty for an additional 4 years. He worked as a supply sergeant, purchasing and distributing, and even received various awards for his service and received an honorable discharge. PSR §68, 69. Mr. Park's younger brother, Hoon Tae Park, is also serving in the United States Army. PSR §70.

Following his active service in the United States Army, Mr. Park decided to operate a cosmetic manufacturing company in South Korea from 2010 to 2013, while he was working part-time in the United States Army Reserve. His business has taken a toll on him as he became a victim of a fraud and resulted in bankruptcy in South Korea. Mr. Park made desperate attempts to find his place in the society when he returned to the United States, by obtaining his associate degree and onto a bachelor's degree from PGCC in Temecula, California and Cal UMS in Anaheim, California in 2015 and 2017. Furthermore, he has been attending South

DEFENSE SENTENCING MEMORANDUM

Baylo University in the School of Acupuncture and Oriental Medicine since 2018 as an effort to obtain a specialized knowledge and degree. Despite his efforts, Mr. Park lived with an extremely limited monthly cash flow in the amount of $593.00. PSR §85. As he was unable to generate a stable income to support himself and/or to get married and start a family, Mr. Park has been taking desperate yet proactive steps in his life for a better life; however, his financial stress and anxiety have affected him negatively for Mr. Park to make the biggest mistake of his life by a terrible error in judgment. Thus, "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), are considerations that justify the sentence of probation in Mr. Park's case. The other factors listed in the statute support that conclusion, as well. Given the circumstances in Mr. Park's case, a sentence of probation also will, in the broad sense, "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Mr. Park's clean criminal history and for that matter, his age, show that the likelihood of recidivism is low and that a period of incarceration is not necessary "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

### IV.    ACCEPTANCE OF RESPONSIBILITY

At the initial stage of the investigation, Mr. Park became scared and made an unintended mistake by obstructing the instant investigation by destroying the evidence. On a following interview, Mr. Park promptly admitted his mistake, accepted responsibility, and regretted his involvement in the offense. All parties agree that he meets the elements for the safety valve provision of 18 U.S.C. 3553(a) (PSR §110). Yet beyond meeting the safety valve requirements, Mr. Park wishes to address the Court in an effort to convey his acceptance of responsibility and remorse for his actions. In Mr. Park's own words:

"I do not know how to put into words to describe how I am deeply sorry and regretting what I have done. I am fully aware that it was the biggest mistake of a lifetime. I am ashamed of my mistake and having committed a crime and painful of what this would affect my elderly parents who wish nothing but the best for his son. I am regretful that I was not able to set a good example for my brother who also serves in the United States Army.

I chose to come to the United States for a better life when I was 15 years old. Now that I just turned 41 years old on June 1, 2019, I realize the value of time and that this is the golden time for me to work to my fullest. I always worked harder than others and tried my best to live by the army values, which are Duty, Honor, Integrity, Loyalty, Personal Courage, Respect, and Selfless Service. I am regretful that this is not the life that I was striving for.

When first I came to the United States, I was not able to speak in English at all. I worked harder than my peers for a better life. I had a lot of expectations from grandmother and parents to fulfill since I am the first son of the family. They were very proud that I joined the Unites States Army and that my promotion was faster than my peers in the Army.

After I completed service with the Army, I operated a cosmetics company called Pharos in South Korea. I met a scammer while I was operating the business, and it led to my company's bankruptcy on July, 2013. As a result, the scammer went to jail for 1 year. I was so anxious and stressed out that I failed and was desperate. I never imagined myself to be in this situation of going to prison, and yet I know that I have no one to blame but myself. I made a mistake of a lifetime. I lost friends, money, and health because of the mistake that I have made. Now I know that breaking the law is not worthy for anything and that my family, friends, and health are priceless.

I am attending South Baylo University to become an oriental medicine doctor. I have only 8 quarters left at this point and I would like to put in my efforts to serve the community as a good doctor for others. I will use my time to work towards studying and plan for a better and productive life. I will not make same mistake ever again. Again, I am very sorry what I have done."

## V.   SERIOUSNESS OF THE OFFENSE, RESPECT FOR THE LAW, AND JUST PUNISHMENT

DEFENSE SENTENCING MEMORANDUM

Under 18 U.S.C. § 3553(a)(2)(A) the sentence imposed must adequately reflect the seriousness of the offense, ... promote respect for the law, [or] provide just punishment for the offense. 18 U.S.C. §3582(a) provides relevantly that a sentencing court "in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553 (a) to the extent that they are applicable, recognizing that lengthening a term of imprisonment is not an appropriate means of promoting correction and rehabilitation. T*apia v. United States, 131 S.Ct.* 2382, 2390 (2011).

"The need for the sentence imposed is determined by the seriousness of the offense, promotion of respect for the law, the need for a just punishment, general and individual deterrence, and the needs of the defendant. 18 U.S.C. §3553(a)(2)." *United States v. Myers*, 353 F. Supp 2d 1026, 1031 (S.D. IA 2005).  The length of the sentence should be tempered by the fact that the goal of rehabilitation "cannot be served if a defendant can look forward to nothing beyond imprisonment.... A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life.   Punishment should not be more severe than necessary to satisfy the goals of punishment."  United States v. Moreland, 366 F. Supp 2d. 416, 422 (S.D. W. Va. 2005) (affirmed in part, vacated in part and remanded by *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006)(*Moreland v. United States*, 126 S. Ct. 2054 (2006)).

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113, 116 S.Ct. 2035 (1996.)  Mr. Park is one of those "unique stud[ies] in human failings" and he will live with the shame of this conviction for the

DEFENSE SENTENCING MEMORANDUM

remainder of his life.  He will be punished far beyond any sentence that is imposed for an inexplicable mistake committed by an otherwise "law abiding citizen, who [did] an incredibly dumb thing." *United States v. Hadash*, 408 F.3d 1080, 1084 (8th Cir. 2005).  Under these circumstances, a house arrest is an adequate deterrent to prevent Mr. Park from engaging in future criminal conduct and to protect the public from his future criminal acts. 18 U.S.C. § 3553(a)(2)(B).

Mr. Park made a terrible choice when he decided to engage in importing merchandise contrary to law in violation of 18 U.S.C. § 545, 2(b) and introducing misbranded drugs into interstate commerce in violation of 21 U.S.C. § 331(a), 352 and 333(a)(2), and 18 U.S.C. §2(a). His decision was not only a detriment to the community, but now deprives him of his liberty. He has burdened and disappointed his family and friends. He cannot undue what he has done, yet he is a strong-willed veteran who has shown strong work ethic and has the opportunity to rebuild a useful life.

## VI.    CONCLUSION

Under the circumstances of this case, Defendant Jin Su Park respectfully asks this Court to impose a house arrest to serve his sentence. The house arrest will serve its purpose of deterring Mr. Park from engaging in future criminal conduct while providing him with rehabilitation to return to society as a member of community by completing his master's program at home. Additionally, Mr. Park requests that no fine be imposed as he has no ability to pay.

///

///

DEFENSE SENTENCING MEMORANDUM

The house arrest shall provide general and individual deterrence and will meet the needs of the defendant.


Dated:  June 20, 2019                    LAW OFFICES OF YOHAN LEE


                              By:      __/s/*Yohan Lee*_____
                                       Yohan Lee
                                       Attorneys for Defendant
                                       JIN SU PARK

DEFENSE SENTENCING MEMORANDUM

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Respectfully submitted,

Dated: June 20, 2019         By: */s/Yohan Lee*

               Yohan Lee

DEFENSE SENTENCING MEMORANDUM